**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANA CARIDAD GOMEZ TORRES,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1786-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ana Caridad Gomez Torres, an immigration detainee proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government moved to dismiss the petition as moot because Petitioner has been released on bond. Doc. 8.[2] Petitioner has not responded. Because Petitioner has been released on bond and is no longer in

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] A search of the U.S. Immigration and Customs Enforcement Detainee Locator website also shows no matching records for Petitioner. *See* https://locator.ice.gov/odls/#/results (last visited September 1, 2026).

custody, the undersigned recommends the Court grant the motion to dismiss and dismiss the petition as moot.

**I. The petition is moot because Petitioner's release on bond has provided the requested relief.**

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while he or she is incarcerated, which Petitioner did. Doc. 1, at 2; *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), & *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

Once Respondents released Petitioner from their custody, she no longer had a redressable injury arising from her detention. *See id.* (holding that a "petitioner must demonstrate some concrete and continuing injury" to

overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). And Petitioner has alleged no collateral consequences adequate to meet the injury-in-fact requirement of Article III. So the Court should grant the motion and dismiss the petition as moot.

## II. Recommendation and notice of right to object.

Petitioner's release from custody renders her petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court grant Respondents' motion, Doc. 8, and dismiss the habeas corpus petition as moot. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 15, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE